**Cocco v. Degnan Chevrolet, Inc.**

*John F. X. Fenerty*, for plaintiff.
*David S. Malis*, for defendant.

FORER, J., February 16, 1973.—On April 26, 1969, plaintiff, Albert A. Cocco entered into written contract to purchase a new 1969 ·Chevrolet automobile from Degnan Chevrolet, Inc. (hereinafter called "Degnan"). Within a few days, plaintiff took possession of the automobile. Sometime thereafter, plaintiff formed the opinion that the car he had purchased was not new.

On March 11, 1970, plaintiff filed a complaint in assumpsit against Degnan and Chevrolet Motor Division of General Motors Corp. (hereinafter called General Motors) alleging, inter alia: "That defendant did have knowledge of the falsity of its statements concerning the *newness* of the vehicle and with the intent to *deceive* and *defraud* plaintiff violating the terms of the agreement by delivering a used 1969 Chevrolet automobile, all of which was known to defendant at the time of said sale."

The specific allegations were: (1) that the front fender had been damaged, replaced and repainted; (2) the brake linings showed excessive wear for the mileage on the vehicle; and (3) the tires on the vehicle and in the trunk showed excessive use.Plaintiff demanded $1,500 damages and in excess of $3,000 in punitive damages against each defendant.

The matter was heard on November 14, 1972, by the court without a jury. At that time, a stipulation of facts was entered into by the parties. It was agreed that the automobile in question had never been sold or used by any other person, that in transit from the assembly

plant a fender had been damaged, that Degnan had replaced the damaged fender with a new fender and had it repainted, that General Motors had reimbursed Degnan for the expenses involved in replacing the fender.

A voluntary nonsuit was entered in favor of General Motors.

The issue before this court is whether there is a duty on the part of the seller to notify the buyer of a motor vehicle sold as new that it has been damaged in transit and that the damaged part has been replaced with a new part.

The Vehicle Code of April 29, 1959, P. L. 58, sec. 102, 75 PS §102, defines new motor vehicle as follows:

"Every motor vehicle which is not defined as a reconstructed, rebuilt or used motor vehicle."

"Reconstructed Motor Vehicle" is defined as follows:

"Any motor vehicle which shall have been assembled or constructed largely by means of essential parts, new or used, derived from other motor vehicles or makes of motor vehicles of various names, models, and types, or which, if originally otherwise constructed, shall have been materially altered by the removal of essential parts, or by the addition or substitution of essential parts, new or used, derived from other motor vehicles or makes of motor vehicles."

The damaged fender was replaced with a new fender of the same make and model not derived from another vehicle. It is clear that the vehicle in question was a new car within the meaning of The Vehicle Code.

The complaint may be deemed to allege breach of an implied warranty on the part of Degnan. The only express warranty is that the car is new. That warranty has not been breached. The Uniform Commercial Code of April 6, 1953, P. L. 3, as reenacted, 12A PS §2-315,

which is the law of Pennsylvania, recognizes two implied warranties in sales contracts:

Fitness for a particular purpose: section 2-315. This section is inapplicable to the case at bar.

Merchantability: section 2-314. The criteria of such a warranty are, inter alia, that the goods must be at least such as:

"(a) pass without objection in the trade under the contract description; and . . .

"(c) are fit for the ordinary purposes for which such goods are used; and . . .

"(f ) conform to the promises or affirmations of fact made on the container or label if any."

Under this section, the seller warrants that the goods are reasonably fit for the general purpose for which they are sold: Willman v. American Motor Sales Co. and Chrysler Corp., 44 Erie 51, 54 (1961): Eimco Corp. v. Lombardi, 193 Pa. Superior Court, 1, 6 (1960). Degnan had an implied obligation to deliver to plaintiff an automobile of proper quality and utility so that it could be operated and used for the ordinary purpose for which it was intended: Willman v. American Motor Sales Co., and Chrysler Corp., supra; October 2, 1959, P. L. 1023, sec. 2, 12A PS §2-314. From the facts as stipulated, it is clear that the automobile met the standards of merchantability.

Plaintiff asserts that Degnan had a further duty to disclose to the buyer the prior damage of the fender and its replacement with a new fender. We must construe the Uniform Commercial Code in accordance with the provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. It is well established that the mention of one thing in a statute implies the exclusion of others not expressed: Scott Township Appeal, 388 Pa. 539 (1957). Since the

Uniform Commercial Code mandates only two implied warranties, we find that under the law of Pennsylvania there is no implied warranty that a part of a new motor vehicle has not been replaced with another new part. Accordingly, there was no duty to make a disclosure of this fact.

Judgment for defendant.